Dykman, J.
The plaintiff commenced this action for the partition of real property upon an allegation of her ownership of two-fifths of the premises involved, and founded her claim for admission into the family of tenants in common upon that assertion. But the claim thus put forward by her was destined to challenge and disallowance.
Martha Louisa Rutherford and Rosalie Adele Oakley were not made parties to the action by the plaintiff when it was instituted, but upon their subsequent application to the court for that purpose, they were permitted to intervene and become parties and interpose a defense, and they availed themselves of such permission.
The basal facts in this action are these : Oliver H. Jones, the father of the defendants Martha L. Rutherford, Rosalie A. Oakley, Lillian L. Jones, Elizabeth 0. Gardiner and Oliver L. Jones, died, seized and possessed of the premises in controversy, December 16, 1870, leaving behind a last will and testament, which attained vitality and validity by *738 proof and admission to probate as a will of real and personal estate, April 8, 1873.
By his will, the testator devised the premises in question to Louisa L. Jones his wife, so long as she remained his widow, and all the residue of his estate, including these-premises, to his five children, named above, in equal shares. His widow died on the thirteenth day of April, 1876, and the absolute title of the premises then became vested in the five children absolutely as tenants in common.
On the 3d day of December, 1877, Rosalie A. Oakley and Martha L. Rutherford, made and executed a deed of conveyance bearing date on that day, which purported to be a. conveyance in fee to their uncle Charles H. Jones, of their ■ two equal undivided fifth parts of the premises involved for the consideration of two thousand dollars. Charles H. Jones, the grantee in that deed of conveyance, died in the possession of the premises, intestate, in the month of January, 1882, leaving him surviving Mary E. Jones, the plaintiff in this action, his only child and heir at law.
Prior to the time of the execution of the deed to Charles H. Jones, his nephew Oliver L Jones had married the plaintiff Mary E. Jones, and the possession of the premises had passed to a lessee under a lease of ten years duration, executed by the Louisa L. Jones, the widow of Oliver H. Jones, a short time before her death.
Such were the undisputed facts and such the relations of the parties to each other and to the land when the plaintiff instituted this suit for its partition or sale claiming to be the owner of the undivided two-fifth parts of the premises by inheritance from her father Charles H. Jones, deceased. ».
Having secured the right of intervention in the suit, Mrs. Rutherford and Mrs. Oakley made separate answers to the complaint in which they denied the confirmation of the lease by the remaindermen, and controverted the title of'■ the plaintiff. They charged that their deed óf conveyance to Charles H. Jones was procured from them by their brother Oliver L. Jones, by an abuse of their confidence, and by means of fraudulent misrepresentations and concealments, - and for an inadequate consideration, and for those reasons asked to have the deed set aside and adjudged void. The defendant Lillian L. Jones also interposed the same defense.
The cause went to trial at the circuit upon the issue with the plaintiff respecting the validity of her title, and as the testimony was unfolded before the jury the imposition and fraud in the procurement of the conveyance to the ancestor of the plaintiff became manifest, and a verdict was rendered in favor of the defendants, and the jury returned answers *739 to six special questions which show a finding of imposition and fraud fully up to the allegations and charges in the answers of the defendants.
Subsequently the trial judge made findings and directed judgment against the plaintiff dismissing her complaint.
The plaintiff has appealed from the judgment, from two orders denying motion for a new trial, and from the orders permitting Mrs. Rutherford and Mrs. Oakley to intervene in the suit.
The case comes to us upon a bill of exceptions containing the evidence necessary to present the questions of law raised by the exceptions contained therein.
Yet the appeal requires from us an examination of the testimony presented to ascertain its sufficiency to support the verdict of the jury and the finding of the trial judge, and in the performance of that duty we have found the testimony not only sufficient but convincing and satisfactory.
The plaintiff in this action succeeded to the interest of her father, and if his title and the conveyance by which the same was acquired were vicious and tainted with fraud the title descended to her burdened with the same infirmity.
It is the position of these contesting defendants that the deed of conveyance from them to Charles H. Jones, the father of the plaintiff was procured from them by fraud perpetrated by their brother, Oliver L. Jones, the husband of the plaintiff, and the son-in-law of Charles H. Jones, and the plaintiff, therefore, insists that her father’s title was unassailable because he did not participate in the fraud.
The first answer is that he did, so far, participate in the wrong as to accept the deed and pay the purchase money, and he knew the negotiations for the purchase were conducted by Oliver, and not by himself, and he knew the property was purchased for him. He therefore accepted in silence the fruits of a bargain made for him by Oliver, and received the conveyance, and if that was tainted with corruption and fraud, it was vitiated in his hands even if they were chaste and free from pollution. Whelan v. Whelan, 3 Cow., 578. We have recently held the same doctrine in a case where the question was sharply presented. Bedell v. Bedell, 37 Hun, 419.
The broad and beneficent principle is that except in the case of an innocent purchaser for value no person can enjoy the results of a fraud and retain its benefits under a claim that it was unauthorized by him.
That principle justifies the course pursued on the trial of this action and disposes of many of the objections and exceptions taken by the appellant.
The plaintiff insisted continually throughout the trial *740 that proof of fraud committed by Oliver L. Jones could not be made against her because there was no proof of his authority to transact the business for her father. But as we said in Bedell’s case the question is not one of agency, but one of fraud.
If the property of these contesting defendants was wrested from them by fraud, imposition and undue influence, and came to the hands of the plaintiff’s ancestor as a result of such imposition, then the title of the plaintiff was infected with the fraud even if it was committed by Oliver without the knowledge of his uncle-father-in-law.
Therefore the conduct and conversations of Oliver L. during the negotiations were proper subjects of proof to establish the imposition, and the death of Charles H. Jones interposed no obstacle in the way of such testimony, none of the transactions or communications were with him, and the only way to establish the fraud was to introduce the proof received over the plaintiff’s objection.
The objections to the proof of conversations and declarations of Oliver L. Jones, because they could not affect the grantee, Charles H. Jones, assumed a great variety of shapes and were all well disposed of under the principle we have enunciated.
Thus far our examination has proceeded upon the theory of the innocence of Charles H. Jones, but it is now to be remarked that the verdict for the defendant evinces the finding of the jury against that assumption.
It was the insistence of the plaintiff, upon the trial, that Oliver L. was the agent of these contesting defendants and negotiated and brought about the sale at their request and in their interest and as their agent, and his testimony was to that effect. That position was controverted and denied by the testimony of the defendants and the question was presented sharply to the jury in this way: The counsel for the plaintiff requested the court to charge the jury “that O. L. Jones owed no legal duty to either of the defendants to disclose any knowledge or information he may have had as to this Hunter’s Point property. ” In compliance with that request the trial judge charged as follows: “I charge that, provided you find that he acted as the agent of these ladies to carry the offer to their uncle, but under any other circumstances I decline,”
Under this charge the jury was required to find whether Oliver L. was the agent of the ladies, and if such had been the finding the jury would not have returned an affirmative answer to the first question by which it was determined in effect that the execution and delivery of the deed was procured by Oliver L. by undue influence while he occupied a confidential relation to the defendants in which *741 they had the right to rely upon him for counsel and protection.
If then the grantee in the deed sustained the relation of principal towards Oliver L. Jones, then clearly he received the conveyance contaminated with the illegality impressed upon it by the fraud of his agent exerted in its procurement.
So that in either view the testimony to establish the fraud of Oliver L. was pertinent and relevant and properly received upon the trial.
Numerous other objections and exceptions were taken in the progress of the trial by the defendants and they have all received careful and deliberate examination and consideration without the detection of any material error. ,
The same remark is applicable to the exceptions to the charge and the refusals to charge as requested.
Exception is also taken to the practice pursued subsequent to the rendition of the verdict by the trial judge in making and signing findings of fact and conclusions of law.
No additional testimony was received and the findings were in entire harmony with the verdict and special findings of the jury, and their only office in the case is to carry into execution and effect the result of the jury verdict.
The exception to the action of the trial judge at its best view discloses an irregularity merely. No malpractice subsequent to the trial could impair or destroy the verdict, and the question of practice.does not affect the merits. The defendants were entitled to a judgment that would carry the verdict into ’effect, and that is all they have obtained. The case seemed to require more than a common law judgment to settle and adjust the rights of the parties resulting from the verdict, and we find no legal error in the course pursued.
There is an appeal from the two orders permitting the intervention of Mrs. Eutherford and Mrs. Oakley, but it is destitute of merits. They brought themselves clearly within the provisions of section 450 of, the Code of Civil Procedure and their admission as parties to defend the action was judicious and lawful.
It is only essential to remark in conclusion that this action is to be regarded still as an equitable action. True, an issue of fact joined in action for partition of lands is triable by jury but that does not change the character of the action. If a sale or actual partition results, the judgment must contain specific provisions and directions beyond a simple judgment upon a verdict in a common law action.
In the case now before us the issue joined involved the validity of the deed under which the ancestor of the plaintiff claimed title. The defendants charged fraud in its procurement, and courts of equity have from their organi *742 zation entertained actions for the destruction of deeds and other written instruments for fraud.
The court has only carried into effect the verdict of the jury which found and established the fraud alleged. That was the sole question in litigation, and the determination of that question adversely to the plaintiff defeated her claim of tenancy in common in the lands in question,- and terminated all her rights. The judgment which ensued and from which she has appealed was lawful and right and should be sustained. The costs allowed were within the discretion of the court and its exercise will not be disturbed.
The judgment should be affimed with costs, and all the orders should be affirmed with ten dollars costs for each order and the legal disbursements.
Barnard, P. J., and Pratt, J., concur.